FILED

2019 JAN 25  PM 2: 27

U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT

REGINALD GIBSON,

    Plaintiff,

CASE NO. 3:19 CV 198

v.

DEPARTMENT OF REHABILITATION
AND CORRECTION et. al.,

Lieutenant Michael LeDesma,
Sargent Ben VanHorn, individually
and in their official capacities,

    Defendants.

**COMPLAINT**
**JURY TRIAL DEMANDED**

JUDGE JAMES G. CARR
MAG. JUDGE JAMES R. KNEPP II

### INTRODUCTION

    This is a civil rights action filed by Reginald Gibson, a state prisoner, for damages under 42 U.S.C. §1983, alleging he was denied of his right to present testimony from witnesses, (inmates and staff members), arrange for the presence of witnesses, the right to a period of time of no less than twenty-four hours after the service of the conduct report before his appearance at the RIB in violation of due process under the Fourteenth Amendment to the United States Constitution.

## JURISDICTION

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(3) and (4). The matters in controversy arise under 42 U.S.C. §1983.

2. Venue properly lies in this District pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this cause of action occurred at Allen Correctional Institution ("ACI") in Lima, Ohio, which is located in the Northern District of Ohio.

3. This action arises under and is brought pursuant to 42 U.S.C. Section 1983 to remedy the depravation, under color of state law, of the rights guaranteed by the Fourteenth Amendment to the United States Constitution.

4. At all times in which the constitutional violations occurred, all Defendants were at all relevant times herein, acting under color of state law within the meaning of §1983.

## PARTIES

5. The plaintiff, Reginald Gibson, is and was, at all times relevant hereto, a prisoner in the custody of the State Department of Corrections (ODRC). At the time of the events relevant hereto, Gibson was incarcerated at Allen Correctional Institution ("ACI") during the events described in this complaint.

6. Defendant, Department of Corrections was, at all relevant times hereto, responsible for operating and maintaining detention, penal, and corrective institutions within the State of Ohio. It is sued in it's official capacity.

7. Defendant, Michael LeDesma, was at all relevant times hereto, a correctional lieutenant in charge of the Administrative Segregation Unit at Allen Correctional Institution. He is sued in his individual and official capacity.

8. Defendant, Ben VanHorn, is a Sargent was, at all relevant times hereto, a correctional officer at Allen Correctional Institution, who at the time of the events described below was serving as a sergeant. He is sued in his individual and official capacity.

## FACTS

9. In June 2018, Plaintiff, Reginald Gibson, on two occasions received threats of physical and bodily harm from his cell mate Byron Harrington- #585-751 in Housing Unit 3A Cell 112 at the Allen Correctional Institution.

10. Thereafter, Gibson notified Sargent Matt Giddens of 3A Housing Unit regarding the threats which Harrington made against him.

11. In June 2018 Sargent Giddens stated to Gibson, "He would talk to Harrington about the matter."

12. Again, in June 2018 Harrington made serious threats of physical harm to inmate Gibson.

13. In June 2018, Gibson made Sargent Giddens aware of the new threats.

14. In July 2018, Harrington threatened Gibson two times that he would use physical force against him.

15. Gibson reported this incident to Sargent Giddens.

16. Sargent Giddens stated to Gibson, "He know that Harrington is a bully, so he would discuss this serious concern with the 3A Unit Manager, Ira Collier, to resolve this critical matter."

17. In July 2018, Plaintiff, Gibson, went to the 3A Housing Unit Manager, Collier, to report the serious physical threats of bodily harm that Harrington consistently advanced towards him.

18.  Unit Manager, Collier, stated to Gibson, "He would speak with Harrington." Collier also stated that "He knew that Harrington was a bully type of individual, and he had a pattern of intimidating other inmates." Thereafter, Collier indicated to Gibson, he would rectify this matter regarding the threats.

19. In June and July 2018, Gibson made requests to Sargent Giddens and Unit Manager Collier to move him to another cell to alleviate the critical matter between Harrington and himself.

20. Both Sargent Giddens and Unit Manager Collier assured Gibson that Harrington would be moved to another cell.

21. Again in the last week of July 2018, Gibson spoke with Collier about moving him to another cell, because Harrington were making threats of bodily harm against him that were extremely confrontational.

22. Collier stated to Gibson, "Can you wait for a week, because I would like to discuss the matter with Sargent Giddens, and for the moment he is on vacation. Additionally, Collier stated that Sargent Giddens would return from his vacation in August.

23. In August 2018, Harrington once again threatened Gibson.

24. Gibson immediately reported the incident to Sargent Giddens.

25. Sargent Giddens stated to Gibson, "Didn't Collier take care of this situation, I'll talk to him, so we can resolve this issue." Thereafter, Giddens assured Gibson that he would remedy the situation ASAP.

26. On August 15, 2018, Harrington threatened Gibson at about 9:15 AM, stating to Gibson, "I going to hurt you boy."

27. Thereafter, Gibson immediately went to Sargent Giddens office to report this incident. Explaining that Harrington became extremely irate with him and made a serious threat to cause him harm.

28. Sargent Giddens stated to Gibson, "I'm busy right now and I don't have time to deal with this because I'm sending an e-mail to the Deputy Warden."

29. On August 15th, 2018, upon leaving for chow, Gibson sent a kite to Unit Manager expressing the urgency to either, move him to another cell, or move Harrington, because he feared that Harrington was going to attack him on this particular day.

30. On August 15th, 2018 at approximately 3:55 P.M., Harrington assaulted Gibson.

31. Gibson reported the assault to the correctional officer which was on duty.

32. Thereafter, both, Harrington and Gibson were taken to the punitive Segregation Unit of the Allen Correctional Institution.

33. On August 15th, 2018, a Conduct Report was written by Sargent Giddens at 4:10 PM. In his report it stated, "there was a possible altercation that had occurred between Gibson #643-525 and inmate Harrington#585-751 in H3A Cell 112."

34. On August 29th, 2018, an investigation was completed. It was determined that there was a fight between the two inmates.

35. Gibson was charged with a rule 19 violation for fighting.

36. On August 30th, 2018 a copy of the conduct report was served upon Gibson at 6:56 AM. By an unknown segregation housing unit correctional officer.

37. On August 30th, 2018 about 6:50 AM Gibson was removed from his cell in the segregation unit and taken for the reading of the Conduct Report.

38. On August 30th, 2018 about 7:00 AM, Sargent VanHorn read the Conduct Report to Gibson.

39. Gibson was found guilty of a rule 19 violation by Sargent VanHorn.

40. On August 30th, 2018, Sargent VanHorn asked Gibson if he wanted to call any witnesses on his behalf to appear at the RIB hearing for his defense.

41. Gibson unambiguously stated, "Yes." Gibson told Sargent VanHorn that he wanted to call Sargent Giddens, 3A Unit Manager, Collier, and Inmate Robert Frost #347-011 of Housing Unit 3A.

42. Thereafter, Sargent VanHorn checked the "yes" box, thereby, acknowledging Gibson's request.

43. Lt. LeDesma sat in with Sgt. VanHorn while he read the Conduct Report to Gibson. Lt. LeDesma stated to Gibson, "You cannot call Sargent Giddens to be your witness because he is the charging officer to the incident."

44. Thereafter, Lt. LeDesma stated to Gibson, "You can not call any witness on your behalf, because the incident happened in the cell, and it was only you and Harrington in the cell. Therefore, since no one saw the fight, there is no one to call."

45. Gibson stated, he still wanted to call Sgt. Giddens, Unit Manager "Collier", and Frost to be his witnesses.

46. Thereafter, Sgt. VanHorn told Gibson he can not call anyone. Next, VanHorn unchecked the "yes" box on the Conduct Report form and proceeded to check the "no" box,

indicating that Gibson did not want to call any witnesses on his behalf for the RIB hearing.

47. Gibson then asked Sgt. VanHorn, "When will the RIB hearing take place (*be held*).

48. Sgt. VanHorn stated to Gibson, "Most likely, it will occur one day next week, because today is close to the weekend and we usually hold RIB hearings at the beginning of the week.

## DENIAL OF DUE PROCESS

49. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 48 as if fully restated herein.

50. On August 30th, 2018 at 9:15 AM (two hours after the reading of the Conduct Report), Gibson was taken before the RIB panel for the determination his violation of the inmate rules of conduct, as described in rule 5120-9-06 of the Administrative Code.

51. Plaintiff, Gibson never waived his right to the twenty-four hours' notice prior to the hearing, yet the chairperson, Lt. LeDesma, failed to postpone the RIB hearing.

52. At the reading of the Conduct Report, Gibson requested to have witnesses appear on his behalf to support his defense at the disciplinary hearing. He was deprived of this right by the Defendants.

53. On August 30th, 2018, the arbitrary decision in refusing Gibson to call witnesses to dispute the allegation charged in the Conduct Report is supported by the audio recording from the RIB hearing.

54. Gibson was denied the right to a fair RIB and impartial RIB hearing.

55. On August 30th, 2018, Plaintiff denied the Rule 19 violation as charged in the Conduct Report. Lt. LeDesma rejected to hear testimony from Sgt. Giddens, Unit Manager

7

Collier, and (inmate) Robert Frost to substantiate or corroborate his claims because the facts in his case were in dispute.

56. Sgt. Giddens, Unit Manager Collier, and (inmate) Robert Frost testimony would have not been irrelevant to the facts of the underlying charge.

57. Sgt. Giddens, Unit Manager Collier, and (inmate) Robert Frost testimony was sufficient to require them to be called as witnesses for Plaintiff's defense.

58. The Defendant presented a blanket policy to deny him witnesses, stating that Sgt. Giddens can not be a witness because he is the charging officer. Moreover, Gibson was forbidden to call any staff member to testify at his RIB hearing.

59. The Defendant failed to support their contentions in refusing to call the witnesses that Plaintiff requested, or even explain its decision. Furthermore, the reason for the denial to call witnesses was not documented in the record at the time of the hearing.

60. Although, AR 5120-9-08(F)(1) states, witnesses (inmates and staff members) shall be advised that they are subject to appropriate discipline for presentation of false testimony, yet Gibson was deprived the opportunity to call any staff member for his defense.

61. On August 30th, 2018, Gibson requested for Sgt. Giddens and Collier to be present as a witness, but was denied this right by LeDesma. Pursuant to AR 5120-9-08(F) (5), the charging official shall appear if requested by the inmate.

62. The presence of Lt. Lt. LeDesma at the reading of the Conduct Report with Sgt. VanHorn prevented the RIB panel from rationally determining the facts of the alleged incident. Moreover, Lt. LeDesma was the actual hearing officer at the RIB hearing.

63. Gibson's RIB hearing was based on impressions that Lt. LeDesma brought with him to the hearing.

64. The Defendant was a custom and policy of denying inmates the right to call witnesses on their behalf at RIB hearings.

65. Plaintiff's disciplinary conviction was unlawfully obtained.

66. The Defendants conduct is in direct violation of <u>Wolff v. McDonnell</u>. *Wolff v. McDonnell* (1974), 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935, 951.

## EXHAUSTIUON OF ADMINISTRATIVE REMEDIES

67. The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

68. Pursuant to AR 5120-9-08(P) the Plaintiff has exhausted his administrative remedies with respect to all claims because this section or paragraph does not provide an additional appeal for the inmate above the appeal to the managing officer.

## CLAIMS FOR RELIEF

69. The actions of defendants Lt. LeDesma and Sgt. VanHorn in refusing to call the witnesses requested by the Plaintiff, thereafter, finding him guilty of a Rule 19 violation, denied the Plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution.

70. The failure of Lt. LeDesma to postpone the RIB hearing, knowing that Plaintiff unambiguously did not waived his right to the twenty-four hours' notice prior to the hearing as described in Rule 5120-9-06 of the Administrative Code, deprived Plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the court grant the following relief:

A.  Issue an injunction ordering defendant Department of Rehabilitation and Corrections to expunge the disciplinary conviction described in this complaint from the plaintiff's institutional record.

B.  Award compensatory damages in the following amounts:
    1.  $50,000 jointly and severally against defendants Department of Rehabilitation and Corrections, LeDesma, and VanHorn for physical and emotional injuries sustained as a result of plaintiff's unlawfully obtained disciplinary conviction.

    2.  $25,000 jointly and severally against defendants Department of Rehabilitation and Corrections, LeDesma, and VanHorn for the punishment and emotional injury resulting from their denial of due process in connection with the Plaintiff's disciplinary proceeding.

C.  Award punitive damages in the following amounts:

    1.  $25,000 each against defendants Department of Rehabilitation and Corrections, LeDesma, and VanHorn;

D.  Grant such other relief as it may appear that plaintiff is entitled.

January _____, 2019

Respectfully submitted,

_____
Reginald Gibson, *pro se* #643-525
Allen Correctional Institution
P.O. Box 4501
Lima, Ohio 4502

## VERIFICATION

Pursuant to 28 U.S.C. §1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: January **17**, 2019.

Reginald Gibson, *pro se* #643-525

11